## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| **CHALKLESS, INC.** <br> Plaintiff, <br><br> v. <br><br> **SPIDER CHALK, LLC** <br> Defendant. | ) <br> ) <br> ) **Civil Action No. _____** <br> ) <br> ) <br> ) <br> ) <br> ) **Jury Trial Demanded.** <br> ) |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Chalkless, Inc. ("Chalkless" or "Plaintiff"), through its undersigned attorneys, for its Original Complaint against Defendant Spider Chalk, LLC ("Spider Chalk" or "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for infringement of Chalkless's U.S. Patent No. 11,660,257 ("the '257 patent") arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. § 100 *et seq.*, based upon Defendant's unauthorized manufacture, use, offer for sale, and sale of grip enhancement kits that infringe one or more claims of the '257 patent.

2.      As set forth herein, Chalkless brings this action to recover all damages associated with Defendant's infringement of the '257 patent, including Chalkless's

attorney fees and costs, and to enjoin Defendant from further infringement of the '257 patent.

## PARTIES

3.     Plaintiff Chalkless is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 187 Ballardvale Street, Suite A190, Wilmington, Massachusetts 01887. Chalkless was founded with a mission to engineer, manufacture and sell innovative grip enhancement solutions.

4.     Defendant Spider Chalk, LLC is a limited liability company organized under the laws of the state of Georgia, with a principal place of business at 88 Pine Lane, Cleveland, Georgia 30528. Defendant's registered agent is James Michael Hobson Jr. who is located at 88 Pine Lane, Cleveland, Georgia 30528. Defendant owns and operates an e-commerce website at spiderchalk.com.

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Defendant because the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the State of Georgia, including, using, offering for sale,

2

and selling products that infringe the '257 patent, and encouraging, aiding, and abetting the use of those products by third parties in a manner that infringes the '257 patent in Georgia.

7.     Defendant also avails itself of the privilege of conducting business in the State of Georgia by marketing and its infringing products in the State of Georgia for use by Georgia residents.

8.     Defendant maintains at least one physical office location at 88 Pine Lane, Cleveland, Georgia 30528 from which it regularly and continuously carries out business within the State of Georgia and derives substantial revenues.

9.     For at least the reasons set forth above, exercise of jurisdiction over Defendant is proper and will not offend traditional notions of fair play and substantial justice. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant has committed acts of infringement in Georgia and has a regular and established place of business in Georgia.

**THE '257 PATENT**

10.     On May 30, 2023, after a full and fair examination, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '257 patent, entitled "Particulate Aerogel Material Kit for Grip Enhancement." The claims of the '257 patent are directed to inventive grip enhancement kits containing particulate

aerogel material. The inventors of the '257 patent include David Pope and James Pidhurney, the founders of Chalkless. A true and correct copy of the '257 patent is attached as Exhibit 1.

11.    The '257 patent will expire no earlier than July 1, 2042.

12.    Chalkless owns the entire right, title, and interest in and to the '257 patent, possesses the right to sue for infringement of the '257 patent to recover past and present damages, as well as seek an injunction or reasonable royalties against future infringement.

13.    Chalkless manufactures and sells grip enhancement kits that are protected by the '257 patent. For example, attached as Exhibit 2 is a true and correct copy of the webpage at chalkless.com where Chalkless offers one of its grip enhancement kits for sale.

## DEFENDANT'S INFRINGING GRIP ENHANCEMENT KIT

14.    Defendant has manufactured, offered for sale, and sold the "Ghost Grip Clear Chalk Crystals" grip enhancement kit (hereinafter, the "Ghost Grip Kit") at its spiderchalk.com website and at amazon.com. True and correct copies of these webpages are attached hereto as Exhibits 3 and 4, respectively. Defendant also states on its website that "Spider Chalk currently produces private label products for more than two dozen brands in various industries including pole dancing, track & field,

disc golf, weightlifting, powerlifting and rock climbing." Upon information and belief, these private label products include grip enhancement kits that are substantially identical to Defendant's Ghost Grip Kit but with other branding.

15.    As set forth in the claim chart attached hereto as Exhibit 5, the Ghost Grip Kit infringes at least Claim 11 of the '257 patent. When Defendant's customers use the Ghost Grip Kit, those customers also infringe at least Claim 11 of the '257 patent. When Defendant's private label customers use, offer for sale, or sell the substantially identical private labeled grip enhancement kits, those private label customers also infringe at least Claim 11 of the '257 patent.

16.    The Ghost Grip Kit is not a staple article or commodity of commerce.

17.    The Ghost Grip Kit is not suitable for any substantial non-infringing use relative to the claims of the '257 patent.

18.    When used as intended by Defendant and Defendant's customers, the Ghost Grip Kit has no other purpose than to practice the inventions of the '257 patent.

19.    Defendant does not offer for sale, sell, or instruct its customers to use the Ghost Grip Kit for any purpose other than in a manner that would infringe the '257 patent.

20.    Upon information and belief, Defendant had actual knowledge of the

'257 patent since before it began manufacturing, offering for sale and selling the Ghost Grip Kit as a result of its examination of Chalkless's grip enhancement kits which are all marked with the '257 patent in full compliance with 35 U.S.C. § 287, and from reviewing Chalkless's website at chalkless.com where Chalkless describes that its grip enhancement kits are patented and lists the '257 patent. Therefore, Defendant knew or should have known that the Ghost Grip Kit infringed the '257 patent when Defendant began manufacturing, using, offering for sale and selling the Ghost Grip Kit.

21.    Defendant was again given notice of its infringement of the '257 patent when Defendant was served with this Original Complaint. Accordingly, Defendant's continued manufacture, offer for sale, and sale of the Ghost Grip Kit after that date of service are all with actual knowledge of the '257 patent.

22.    Upon information and belief, prior to manufacturing, using, offering for sale, and selling the Ghost Grip Kit, Defendant failed to obtain any written opinion from competent patent counsel or other person that its activities would not infringe upon any of the '257 patent, or that Defendant's customers' use of the Ghost Grip Kit would not infringe upon the '257 patent. Defendant chose not to seek any such opinion because it knew that any competent patent counsel or other person would not clear its unlawful activities and, therefore, that seeking a non-

infringement opinion would be futile.

23.    Defendant has also purposefully attempted to hide the identity of the material used in its Ghost Grip Kit by misdescribing it to customers as precipitated amorphous silica.

24.    Defendant designed the Ghost Grip Kit specifically to compete with Chalkless's patented grip enhancement kits and to copy the patented features and functionality of those Chalkless grip enhancement kits, as evidenced by Defendant's purposeful copying of Chalkless's trade dress. True and correct photographs of examples of Chalkless's trade dress for its grip enhancement kits are attached hereto as Exhibit 6.

25.    Defendant has also copied Chalkless's trade dress to unlawfully compete with Chalkless and with intent to cause Defendant's customers to infringe upon the '257 patent in complete disregard for Chalkless's patent rights. For example, as shown in Exhibits 3, 4 and 7, Defendant uses the same black, yellow and white color scheme as Chalkless uses for its grip enhancement kits.

26.    In another example, as shown in Exhibits 3 and 4, Defendant uses the tagline "Radically Enhanced Grip" for its Ghost Grip Kit, which is confusingly similar to Chalkless's "Radically Engineered Grip" and "Radical Grip" taglines as shown in Exhibit 6. Defendant's "Radically Enhanced Grip" tagline is also

confusingly similar to Chalkless's RADICALLY ENGINEERED trademark, which is the subject of its U.S. Trademark Reg. No. 7742804 for RADICALLY ENGINEERED in Class 28 for "hydrophobic granules for improving hand grip in sports activities." A true and correct copy of U.S. Trademark Reg. No. 7742804 is attached hereto as Exhibit 8.

27.    In another example, as shown in Exhibit 7, Defendant uses a photograph of a woman performing a back squat in connection with its marketing for its Ghost Grip Kit. Chalkless has been using the very same photograph for the marketing of its grip enhancement kit on its website, in its social media posts, and on point of sale materials, as shown in Exhibit 6. These numerous similarities to Chalkless's trade dress are not coincidental.

## COUNT I
### (Infringement Of The '257 Patent)

28.    Chalkless realleges and incorporates by reference the allegations contained in Paragraphs 1-28 above.

29.    Defendant has infringed and continues to infringe the '257 patent, in violation of 35 U.S.C. § 271(a), by its manufacture, use, offer to sell, and/or sale in the United States and/or importation into the United States of the Ghost Grip Kit.

30.    Defendant has infringed and continues to infringe the '257 patent, in violation of 35 U.S.C. § 271(b) and (c), by inducing and/or contributing to direct

infringement of the '257 patent by Defendant's customers. Defendant has engaged in such inducement and/or contributory infringement having knowledge of the '257 patent. Defendant also knew or should have known that its actions would induce direct infringement of the '257 patent by others and intended that its actions would induce and/or contribute to direct infringement by others.

31.    Defendant has knowledge of its infringement of the '257 patent and thus its direct and indirect infringement of the '257 patent has been knowing and intentional.

32.    As a direct and proximate result of the infringement of the '257 patent by Defendant, Chalkless has been and continues to be damaged.

33.    Defendant's infringement of the '257 patent has caused irreparable injury to Chalkless, to which there exists no adequate remedy at law, and will continue to cause irreparable injury to Chalkless unless enjoined by this Court.

34.    Defendant's infringement of the '257 patent has been, and is, willful, deliberate, and/or in conscious disregard of Chalkless's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Chalkless to an award of its attorney's fees and treble damages.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants

hereby demand a jury trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Chalkless respectfully requests that judgment be entered in its favor and against Defendant as follows:

A.    Declaring that Defendant has directly infringed the '257 patent;

B.    Declaring that Defendant has induced direct infringement of the '257 patent;

C.    Declaring that Defendant has contributed to direct infringement the '257 patent;

D.    Declaring that Defendant's direct and indirect infringement of the '257 patent is intentional and willful;

E.    Awarding Chalkless damages pursuant to 35 U.S.C. § 284 sufficient to compensate Chalkless for Defendant's direct and indirect infringement of the '257 patent and any continuing or future infringement thereof in an amount equal to Chalkless's lost profits, but not less than a reasonable royalty;

F.    Awarding Chalkless pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest, expert fees, and costs incurred during this litigation, in accordance with 35 U.S.C. § 284;

G.    Awarding Chalkless treble damages in accordance with 35 U.S.C. §

284;

H.      Awarding Chalkless's attorneys' fees incurred in this litigation pursuant to 35 U.S.C. § 285;

I.      Temporarily, preliminarily, and permanently enjoining Defendant, its affiliates, subsidiaries, and each of its members, officers, agents, servants, and employees, and those acting in privity or concert with any of them, until after the expiration date of the '257 patent, including any extensions and/or additional periods of exclusivity to which Chalkless is or becomes entitled, from: (a) making, using, offering to sell, or selling in the United States, or importing into the United States, the Ghost Grip Kit and any colorable imitation thereof; (b) making, using, offering to sell, or selling in the United States, or importing into the United States, any component of the Ghost Grip Kit that constitutes a material part of the inventions claimed by the '257 patent; (c) making, using, offering to sell, or selling in the United States, or importing into the United States, or any other grip enhancement kit that infringes the '257 patent; and (d) encouraging or assisting others to make, use, offer to sell, or sell in the United States, or import into the United States, or any other device that infringes the '257 patent; and

J.      Awarding such further relief as this Court deems just and proper.

Respectfully submitted this 10th day of April, 2025.

ADVANCED TECHNOLOGY LAW

/s/ Luke Anderson

Luke Anderson
GA Bar No. 018330
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338-7702
Phone:     404-991-2241
Facsimile: 404-935-0927
Email: Landerson@advtechlaw.com

*Attorneys for Plaintiff Chalkless, Inc.*

**TALUS LAW GROUP LLC**

Benjamin B. Lieb, Esq.
    (*Pro Hac Vice* Motion Forthcoming)
CO Bar No. 28724
2816 South Adams Street
Denver, Colorado 80210
*Attorneys for Plaintiff Chalkless, Inc.*

---

**Local Rule 7.1(D) Certification**

The above signed counsel hereby certifies that the within and foregoing paper complies with Local Rule 7.1(D) since it was prepared in Times New Roman, 14-point font.

---

## NOTICE TO DEFENDANT OF LITIGATION HOLD REQUIREMENT

1.      The Defendant is hereby notified that it is legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that the Defendants know, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter collectively referred to as "**Potential Evidence**").  This includes without limitation all information relating to or otherwise evidencing the conception, design, development, the manufacturing, sale and profitability of the Ghost Grip Kit.

2.      As used above, the phrase "**electronically stored information**" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including by not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails, text files (including drafts, revisions, and active or deleted word processing documents), instant messages, text messages, SMS messages, audio recordings and files, video footage and files, audio files,

13

photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, iPhones, video cameras and still cameras, and any and all other locations where electronic data is stored. These sources may also include any personal electronic, digital, and storage devices of any and all of the Departed Employees and/or Fictitious Defendants family, agents or employees if the Departed Employees and/or Fictitious Defendants electronically stored information resides there. Potential Evidence also includes social media postings (*e.g.* Facebook, Instagram, LinkedIn, Snapchat and the like) and private messages sent or received using social media platforms.

3.      The Defendant is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to the Defendants claims and/or defenses. To avoid such a result, the Defendants' preservation duties include, but are not limited to, the requirement that the Defendants immediately notify their

14

employers, agents and employees to halt and/or suspend the auto-delete functions of the Defendants' electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.